UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

VIRGINIA L. GIBBINS,

    Debtor.
_____/

Case No. 16-41010-wsd
Chapter 7
Judge Shapero

### TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE THE ESTATE'S INTEREST IN DEBTOR'S RESIDENCE

Wendy Turner Lewis, the Chapter 7 Trustee for the estate of Virginia L. Gibbins (the "Trustee"), by her attorneys, Bernardi, Ronayne & Glusac, P.C., states:

1. On January 28, 2016 (the "Petition Date"), Virginia L. Gibbins (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, as amended.

2. Subsequently, Wendy Turner Lewis was appointed the duly qualified and acting Chapter 7 trustee for the Debtor's estate.

3. The Trustee is filing this Motion pursuant to Fed.R.Bankr.P. 9019. A proposed copy of the Order granting this Motion is attached as Exhibit 1.

1

4. Among the property of the Debtor's estate under 11 U.S.C. § 541(a) is her residence located at 1071 13th Street, Wyandotte, Michigan (the "Residence").

5. On Schedule A, the Debtor valued the Residence at $75,000.00, and on Schedule D the Debtor stated that the Residence was encumbered by a mortgage with a balance owing of $57,205.51.

6. The Debtor claimed an exemption for the Residence of $17,794.49 under 11 U.S.C. § 522(d)(1) on Schedule C.

7. The Trustee investigated the value of the Residence by retaining a real estate broker, Edward T. Harris of ReMax First (the "Broker"), and requesting an opinion of the value.

8. The Broker valued the Residence at a maximum of $90,000.00.

9. The Debtor advised the Trustee that she wished to retain possession of the Residence, and would like to negotiate payment of the nonexempt equity in the Residence.

10. If the Broker's valuation is correct, and if the Trustee sold the Residence for $90,000.00, which the Broker believes is the maximum current market value, there would be $2,626.00 of nonexempt equity in the Residence after payment of costs of sale, determined as follows:

| Sales Price | | $90,000 |
|---|---|---|

| | | |
|---|---|---|
| Tax Prorations | | $0 |
| Gross Cash Due Seller: | | $90,000 |
| | | |
| Charges: | | |
| Marketing Fee (Listing Commission) | 3.00% | $2,700 |
| Buyer's Agent Fee | 3.00% | $2,700 |
| Title Policy or Abstract | | $1,400 |
| MI Transfer Tax (per $1,000) | $1.10 | $99 |
| 1994 Proposal A Transfer Tax | 0.75% | $675 |
| Mortgage Insurance Premium | | $0 |
| Recording Discharge of Mortgage | | $0 |
| Mortgage | | $57,300 |
| Water Bill Escrow | | $300 |
| 2015 taxes | | paid |
| Debtor's maximum exemption | | $22,200 |
| Total Charges: | | $87,374 |
| Nonexempt Equity: | | **$2,626** |

11. Other relevant or noteworthy aspects of the litigation are: None.

12. In an effort to resolve this matter without further litigation, the Debtor has agreed to pay the estate the sum of $2,100.00, which will be paid in full satisfaction of the Debtor's nonexempt equity in the Residence as follows:

    a. The Debtor will pay the Trustee the sum of $1,200.00, which the Trustee acknowledges having already received.

    b. The Debtor will pay the balance of $900.00 via monthly payments of $50.00 for 18 months, commencing on September 15, 2016, and continuing on the 15th day of each consecutive month until February 15, 2018.

3

      c. In the event the Debtor does not timely make a payment due under this settlement, the Trustee shall deliver a Notice of Default to the Debtor and her attorney via U.S. Mail, and the Debtor shall have seven days from the date of the Notice of Default to cure the default by paying the amount of that payment to the Trustee. If the Debtor fails to cure the default within the seven-day period, the amount of $2,100.00, less all payments received by the Trustee from the Debtor, shall be immediately due and owing.

      d. The Order granting this motion will be deemed to be a Judgment pursuant to Fed. R. Bankr. P. 9014, Fed. R. Bankr. P. 7054, and Fed. R. Civ. P. 54(a).

13. Pursuant to *Drexel v. Loomis*, 35 F.2d. 800 (8th Cir. 1929) and *In re Carson*, 82 B.R. 847 (Bankr. S.D. Ohio 1987), the Trustee believes that the compromise is appropriate, in the best interest of the estate and its creditors, and should be approved by the Court.

14. Acceptance of the compromise will avoid any further costs of litigation related to this matter and guarantee a recovery by the estate.

15. The Trustee believes that the Court, in considering the facts before it, and in using its discretion and informed judgment, should approve this compromise because the compromise is fair and equitable.

THEREFORE, the Trustee respectfully requests that this Court authorize her to accept the sum of $2,100.00 in full satisfaction of the Debtor's nonexempt equity in the Residence.

BERNARDI, RONAYNE & GLUSAC, P.C.

Dated: October 7, 2016 /s/Rodney M. Glusac
Attorneys for Trustee
1058 Maple Street
Suite 100
Plymouth, MI 48170
(734) 416-1780
rodg@brgpc.com
(P43756)

5

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

VIRGINIA L. GIBBINS,

      Debtor.

Case No. 16-41010-wsd
Chapter 7
Judge Shapero

_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY
TO COMPROMISE THE ESTATE'S INTEREST
IN DEBTOR'S RESIDENCE**

Wendy Turner Lewis, the Chapter 7 Trustee of the Debtor's estate (the "Trustee"), having filed her Motion for Authority to Compromise the Estate's Interest in Debtor's Residence (the "Motion"); the Trustee having properly served the Motion and the Notice of the Motion on all interested parties; no responses to the Motion having been filed; and the Court being duly advised on the premises:

IT IS ORDERED that the Trustee is authorized to accept the sum of $2,100.00 from the Debtor in full satisfaction of the estate's interest in the nonexempt equity in the Debtor's residence located at 1071 13th Street, Wyandotte, Michigan, which will be paid as follows:

   a. The Debtor will pay the Trustee the sum of $1,200.00, which the Trustee acknowledges having already received.

   b. The Debtor will pay the balance of $900.00 via monthly payments of $50.00 for 18 months, commencing on September 15, 2016, and

6
**EXHIBIT 1**

continuing on the 15th day of each consecutive month until February 15, 2018.

IT IS FURTHER ORDERED that in the event the Debtor does not timely make a payment due under this Order, the Trustee shall deliver a Notice of Default to the Debtor and her attorney via U.S. Mail, and the Debtor shall have seven days from the date of the Notice of Default to cure the default by paying the amount of that payment to the Trustee. If the Debtor fails to cure the default within the seven-day period, the amount of $2,100.00, less all payments received by the Trustee from the Debtor, shall be immediately due and owing.

IT IS FURTHER ORDERED that this Order is deemed to be a Judgment pursuant to Fed. R. Bankr. P. 9014, Fed. R. Bankr. P. 7054, and Fed. R. Civ. P. 54(a).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

VIRGINIA L. GIBBINS,

        Debtor.

Case No. 16-41010-wsd
Chapter 7
Judge Shapero

_____/

**NOTICE OF TRUSTEE'S MOTION FOR AUTHORITY
TO COMPROMISE THE ESTATE'S INTEREST
<u>IN DEBTOR'S RESIDENCE</u>**

    PLEASE TAKE NOTICE that the Trustee has filed her Motion for Authority to Compromise the Estate's Interest in Debtor's Residence, in which she requests authority to accept the sum of $2,100.00 from the Debtor in full satisfaction of the estate's interest in the nonexempt equity in the Debtor's residence located at 1071 13th Street, Wyandotte, Michigan.

    In requesting approval of the proposed settlement, the Trustee has duly considered the probability of success in litigation against the party, the difficulties, if any, to be encountered in the matter of collection, and the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it. Due to the expense and inconvenience of litigation and delay necessarily attending it, including attorney fees and costs, the Trustee recommends that the Court approve the proposed settlement.

    **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to grant the relief requested by the Trustee, or if you want the court to consider your views on the motion, within **twenty-one (21) days**, you or your attorney must:

1

1. File with the court a written objection to the Motion, explaining your position, at: [1]

        U.S. Bankruptcy Court
        211 W. Fort Street, Suite 1700
        Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to: Rodney M. Glusac, Esq. (See address below)

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

        BERNARDI, RONAYNE & GLUSAC, P.C.

Dated: October 7, 2016    /s/Rodney M. Glusac
        Attorneys for Trustee
        1058 Maple Street
        Suite 100
        Plymouth, MI 48170
        (734) 416-1780
        rodg@brgpc.com
        (P43756)

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

VIRGINIA L. GIBBINS,

     Debtor.

Case No. 16-41010-wsd
Chapter 7
Judge Shapero

_____/

## CERTIFICATION OF SERVICE

I certify that on October 7, 2016, I electronically filed the Trustee's Motion for Authority to Compromise the Estate's Interest in Debtor's Residence (the "Motion"), and the Notice of the Motion with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

- **Robert P. Coutts**   couttslaw@gmail.com
- **Wendy Turner Lewis**   wtl@trustesolutions.net, trustee@lewistrustee.com

and I certify that I have mailed by United States Postal Service the Notice of the Motion to the following non-ECF participants:  See Attached List.

                              BERNARDI, RONAYNE & GLUSAC, P.C.

Dated:  October 7, 2016      /s/Rodney M. Glusac
                                   Attorneys for Trustee
                                   1058 Maple Street, Suite 100
                                   Plymouth, MI  48170
                                   (734) 416-1780
                                   rodg@brgpc.com
                                   (P43756)

1

Label Matrix for local noticing
0645-2
Case 16-41010-mlo
Eastern District of Michigan
Detroit
Fri Oct  7 09:21:49 EDT 2016

Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019

Cardmember Service
P.O. Box 94014
Palatine, IL 60094-4014

Chase Bank
P.O. Box 94014
Palatine, IL 60094-4014

Citi
P.O. Box 790040
Saint Louis, MO 63179-0040

Citi Cards
P.O. Box 6286
Sioux Falls, SD 57117-6286

Comenity
P.O. Box 183044
Columbus, OH 43218-3044

Comenity Bank
P.O. Box 182789
Columbus, OH 43218-2789

Robert P. Coutts
7445 Allen Road
Suite 118
Allen Park, MI 48101-1993

Delta Outsource Group, Inc.
P.O. Box 1210
O Fallon, MO 63366-9010

Virginia L. Gibbins
1071 13th St.
Wyandotte, MI 48192-3109

Rodney M. Glusac
1058 Maple Street
Suite 100
Plymouth, MI 48170-1996

Jerry Baker
P.O. Box 1001
Wixom, MI 48393-1001

Wendy Turner Lewis
444 West Willis Street
Suite #101
Detroit, MI 48201-1748

MRS Associates of New Jersey
1930 Olney Ave.
Cherry Hill, NJ 08003-2016

Mortgage Center LLC
P.O. Box 2171
Southfield, MI 48037-2171

Northstar Location Services, LLC
4285 Genesee St.
Cheektowaga, NY 14225-1943

Portfolio Receovery Associates, LLC
P.O. Box 12914
Norfolk, VA 23541-0914

Prof. Bureau of Collections of Maryland
P.O. Box 4157
Englewood, CO 80155-4157

RGS
1700 Jay Ell Dr., Ste. 200
Richardson, TX 75081-6788

RGS Financial
P.O. Box 852039
Richardson, TX 75085-2039

Sears Credit Cards
P.O. Box 688957
Des Moines, IA 50368-8957

Shermeta Law Group, P.C.
c/o Tricia N. McKinnon
P.O. Box 5016
Rochester, MI 48308-5016

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Edward Harris
Rex/Max Associates

End of Label Matrix
Mailable recipients    22
Bypassed recipients     1
Total                  23